Matter of Patterson v City of New York (2023 NY Slip Op 05545)

Matter of Patterson v City of New York

2023 NY Slip Op 05545

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Index No. 100451/17 Appeal No. 965-966 Case No. 2023-02777 2023-02793 

[*1]In the Matter of Allen Patterson, Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents. 

Allen Patterson, appellant pro se.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered February 22, 2023, which, to the extent appealable and appealed from, denied petitioner's motion for leave to renew a prior motion to amend the petition to annul a determination of respondent City of New York Civil Service Commission, dated December 16, 2016, affirming a September 22, 2016 determination of the New York City Administration of Children's Services (ACS) terminating petitioner's employment, and a determination of the Civil Service Commission, dated March 6, 2017, affirming an October 6, 2016 determination of the New York City Department of Citywide Administrative Services disqualifying petitioner from employment with the New York City Taxi and Limousine Commission based on ACS's findings, and for leave to renew respondents' prior motion to dismiss the petition, unanimously affirmed, without costs. Order, same court and Justice, entered March 30, 2023, which denied petitioner's motion for leave to renew the prior motions, unanimously affirmed, without costs.
The court providently exercised its discretion in denying petitioner's motions to the extent they sought leave to renew, as petitioner failed to provide a reasonable excuse for not presenting the new evidence at the time of the petition or prior motions (CPLR 2221(e)(3); see Wade v Giacobbe, 176 AD3d 641, 641 [1st Dept 2019], lv dismissed 35 NY3d 937 [2020]). In any event, petitioner failed to establish that the new evidence would have changed the outcome of the petition or prior motions (CPLR 2221[e][2]; 4 NYCRR 5.3[b]; Matter of Patterson v City of New York, 173 AD3d 540, 541 [1st Dept 2019], lv denied 35 NY3d 906 [2020], cert denied — US —, 143 S Ct 245 [2022]).
To the extent petitioner seeks review of the court's denial of his motion for leave to reargue, the denial of a motion for leave to reargue is not appealable (see Aldalali v Sungold Assoc. Ltd. Partnership, 172 AD3d 555, 556 [1st Dept 2019]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023